Case 1:25-cv-00240-MPB-MG   Document 1   Filed 02/06/25   Page 1 of 11 PageID #: 1

FILED
02/06/2025
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Kristine L. Seufert, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

**ELBERT COLEMAN III,**
**ELBERT COLEMAN IV**
PO Box 681546
Indianapolis, IN 46268

    Plaintiff,

V.

**NEXO CAPITAL INC.,**
**Support@Nexo.com**

    Defendants,

Case No. 1:25-cv-00240-MPB-MG

Judge

**COMPLAINT WITH JURY DEMAND**

Elbert Coleman
P.O.Box 681546
Indianapolis, IN 46268

Lobaalaw@email.com

Plaintiff, Elbert Coleman, files this **Complaint**:

1

## INTRODUCTION

  Plaintiff's, Elbert Coleman III and Elbert Coleman IV, brings this action against Defendant's Nexo Capital Inc., Nexo Financial Services, Nexo Financial LLC.  Plaintiff's allegations are based upon personal knowledge as to himself and his own acts, upon information and belief as to others matters based on the investigation conducted by himself and his son.  Plaintiff believes reasonable discovery will identify substantial addition evidence for the allegations set forth herein.

## JURISDICTION

  Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and 1337.  and the amount in controversy (exclusive of interest and costs) exceeds $75,000.00, jurisdiction exists in this Honorable Court.  Venue is appropriate in this Court since the collusion occurred in Marion County, Indiana.

  This court has personal jurisdiction over Nexo, operating as a single enterprise, with each corporate entity acting as the agent of the other, because for the purpose of inducing customers to use Nexo platform Credit line.  Nexo solicited and solicits customers, including Plaintiff's in the matter before this Court, for which Nexo solicited it's customers with fraudulent information by offer (EIP) Earn Interest Payments if customers store their cryptocurrency assets on their platform.  Nexo never registered in the United States to offer such EIP payments to US customers according to the United States Securities and Exchange Commission.  Nexo website is highly interactive, sufficient to satisfy consideration of fairness and due process in subjecting Nexo to jurisdiction in this Court.  Nexo intended to use it's website as a way to solicit customers to use their platform, for which Nexo accomplished it's mission with the (EIP) payments to US customers.

## PLAINTIFF

Plaintiff's, Elbert Coleman III and Elbert Coleman IV, are a natural person residing in the State of Indiana.

## DEFENDANTS

1. Defendant, Nexo Capital Inc., was a domestic professional corporation operating in Indianapolis, Indiana.

2. Defendant, Nexo Capital Inc., is a Cayman Islands corporation formed in 2018, with its principal place of business in Grand Cayman, Cayman Islands.  Nexo provides crypto asset-related financial products and services, including purchasing, lending, borrowing, trading, and storing.  Nexo is part of the Nexo Group, which comprised of other Nexo entities that are primarily incorporated in various European countries.

3. Defendant, Nexo Capital Inc., or any other entity of the Nexo group filed a registration statement with the Commission for the offer and sale of the Earn Interest Payment (EIP) in the United States.  The only registrations that Nexo Capital Inc., have with the US based regulators are money transmitter licenses and certain state level consumer or lender licenses.

4. Defendant, Nexo Capital Inc., solicited US citizens with the EIP, for which Nexo never registered with any agency in the US to offer the EIP to US citizens.  This constitutes fraud by Nexo Capital Inc., to US citizen to lure them into using their platform to store cryptocurrency, for which no reasonable prudent person would have engaged with Nexo Capital Inc., if one knew Nexo Capital Inc., wasn't registered to offer EIP to US citizens.

**STATEMENT OF FACTS**

In or around 2018, Nexo Capital Inc., has operated and maintained a website through customers can use their cryptocurrency assets as collateral to borrow cash using Nexo Crypto-Credit.  Nexo customer's takes out a fiat loan by staking any of a variety of cryptocurrency assets in their Credit Line Wallet to serve as Collateral and by funding a Savings Wallet to serve as backup Collateral.  As of  December 23, the accepted Collateral included the digital asset XRP coin, also called Ripple XRP coin.

On December 22, 2020, the United States Securities and Exchange Commission (SEC) agency announced an investigation against Ripple Labs, for which Nexo Capital Inc., that caused the price of XRP asset to drop in value significantly.  On December 23, Nexo suspended customer's use of XRP to stake as Collateral or pay down on loans, for which Nexo did so without providing any notice of the suspension to it's customers. Nexo actions caused customers irreparable harm by not allowing customers to access their XRP coins when the price was decreasing in value after the SEC announcement against Ripple Labs.  In addition, Nexo within hours of the suspension Nexo exercised a contractual right of ownership over it's customer's collateral a claim that was opposite of their advertisement on the website, "Nexo credit service does not involve any transfer of ownership the customer's digital assets.  Nexo proceed to liquidate massive amount of customer's XRP assets that was used as Collateral, for which Nexo had no genuine concerns for the transfer of XRP assets of value.  Nexo Capital Inc., would not let customers pay down the Credit Line using XRP's after the SEC announcement, for which customers had to sit back and watch their life savings be liquidated after customers begged Nexo to stop liquidating their assets.

Plaintiff's states Nexo Capital Inc., solicited them through their website and emails as a company that was registered to do business in the United States by offering Cryptocurrency EIP and Cryptocurrency Credit Lines to US citizens.  Plaintiff's opened up a Nexo account for the EIP payments from Nexo holding their crypo assets as followed:

1. **Elbert Coleman III, crypto assets XRP (55000), XLM (60000), ETH (25), LINK (100), DOT (100), BCH (3), EOS (500),**
2. **Elbert Coleman IV, crypto assets XRP (40000), XLM (60000), TRX (100000), PXGOLD (50), ETH (25).**

Nexo suspension of XRP payments and failure to provide notice of it's intention was a material breach of the Nexo "Borrow Terms and Conditions" governing the relationship between Nexo and it's customer's.  Nexo breach harmed many customers that could have used XRP payments to maintain the Loan to Value Ratios, for which deprived it's customers of the benefit of bargain and hindered their customer of any obligation to maintain the Loan to Value ratios.

This Plaintiff's state Nexo deprived them the right to maintain the Loan to Value by locking their XRP's so they weren't able to use them or remove them from Nexo platform, for which was a material breach of Nexo borrowing terms and conditions. Nexo liquidated the XRP assets and kept the funds for themselves while the customers was left broke and stressed.  Nexo actions regarding the XRP payments and failure to allow it's customers to maintain an equitable loan to value was unlawful and theft by Nexo Capital.

Plaintiff's seeks a declaration that Nexo does not possess the unfettered right to change any material conditions for the use of Nexo Crypto Credit Line, to suspend the

provision of Crypto credit, or change, suspend, disable, or discontinue any features or content of the Crypto Credit Line, nor does Nexo possess the contractual right to take such actions without notice to it's customers. Nexo does not acquire ownership over customers collateral and Nexo cannot within it's credit services refuse to accept XRP payment after Nexo allowed it's customer to use XRP as collateral and later refuse to accept XRP as a payment method. Nexo actions was a material breach of their own terms and it was an unlawful act to deny it's customers the use of XRP as a payment method when the collateral was XRP for the credit line from Nexo.

## NEXO BREACH OF CONTRACT

Nexo as of December 23, 2020, had long used XRP as a payment method for it's customers and accepted XRP as Collateral for their Credit Line. Nexo breached the plain terms of their contract with their customers by precluding it's customers from using XRP crypto asset as a payment method to post collateral or make a payment.

Nexo acted in bad faith to Plaintiff's breach of the payment method and collateral, for which prevented it's customers to maintain Loan to Value ratios. Nexo agreement states ("You may repay at anytime prior to the Maturity date and any amount by transferring into the Nexo Account the same Digital Assets as the Nexo Crypto Credit Line granted to it's customers, or Digital Assets acceptable to Nexo with Collateral or Combination of Nexo Borrow Terms and Conditions Art. VIII.2.)

Nexo's suspension constitutes a breach of contract because Nexo failed to provide any notice to it's customers of the suspension of XRP payments in the following form: "Any notice required or made under these Terms from Nexo to the Client shall be considered validity

received when addressed to the Client's last to used email address, mailing address, or phone number.  In addition, we may provide notices through posting on Nexo Platform." (Nexo Borrow Terms and Conditions. Art. XIV.1 )

These material breaches of contract are well established principles of contract law that apply under state common law, excused the contractual obligations of Nexo customers affected thereby-namely the Plaintiff's in this matter and all of Nexo customers.  Nexo breach never gave their customer the notice needed to prevent liquidation of the XRP assets and other assets on Nexo platform.  Nexo never had unfettered rights to take control of customers assets and suspend the payment method to keep customers loan to value ratios maintained.  Nexo actions violated the fundamental duty of a contract under any law a right of notice of actions taken without notice to the other party involve with the contract.  Nexo should have never liquidate their customers assets when Nexo didn't give their customers any type of notice that could harm their customers.  Nexo actions to breach the contract was not in good faith but bad faith because any reasonable prudent person would not agree with Nexo accepting XRP as collateral but not accepting XRP as a payment method is a breach of contract by bad faith against it's customers.  According to the SEC Nexo should have put all American citizens asset into a legacy account to prevent any harm to American citizens since Nexo wasn't registered to offer such services to American customers. Thus, Nexo soliciting US citizens without proper registering to offer Earn Interest Payment to get US customer to use their platform constitutes fraud and suspension of XRP from accepting payments without notice is bad faith by Nexo Capital.  Nexo took it upon themselves to harm the customers because the SEC never told Nexo to suspends XRP payment method nor take control of customers assets and do as you please by liquidating the assets without notice to the customers.

## NEXO EIP PAYMENTS

Nexo Capital Inc., began to offer and sell the so called Nexo Earn Interest Product (EIP) in the United States.  The EIP allowed US investors to tender to Nexo certain crypto assets, which Nexo deposited in interest-yielding accounts and then used in various ways to generate income for its own business and to fund interest payments to EIP investors.  These included staking, lending, and engaging in arbitrage on purportedly decentralized finance platform.  Nexo offered theses services to US customers without registration statement filed or in effect with the Commission and without qualifying for an exemption from registration.  As a result Nexo violated Sections 5(a) and 5(c) of the Securities Act.

Applying the Reves, 494 US at 64-66, Nexo offered and sold the EIP to obtain crypto assets for the general use of its business, namely to run its lending and investment activities to pay interest to EIP invesors, and purchasers invested in the EIP to receive interest on the loaned crypto assets. Second, the EIP was offered and sold to a broad segment of the general public.  Third, Nexo promoted the EIP as an investment, specifically as a way to earn a consistent return on crypto assets. Fourth, no alternative regulatory scheme or other- risk-reducing factors exist with respect to the EIP.  Based on the Howey, 328 US at 301. Investors in the EIP tendered money to Nexo, in the form of crypto assets, to participate in the EIP.  Nexo pooled the EIP investors crypto assets and used those assets for lending and investment activities that would generate returns for both Nexo and EIP investors.  However, Nexo did not file a registration statement with the Commission for the offers and sales of EIP, nor did its offers and sales of the EIP qualify for an exemption from registration under the Securities Act.  As a result Nexo violated Section 5(a) of the Securities Act, which prohibits, unless a registration statement is in effect as to a security, any person, directly or indirectly, from making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise, or to carry or cause to be carried through the mails or interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for

delivery after sale. Nexo also violated Section 5(c) of the Securities Act, which prohibits any person, directly or indirectly, from making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed as to such security. Nexo solicited Plaintiff's by offer EIP on their platform, for which Nexo never registered in the US to offer such services to Plaintiff's. Nexo violated US law by soliciting services Nexo was not registered to offer Plaintiff's in said case. No reason prudent person would have used Nexo platform if Plaintiff's knew Nexo was not registered in the United States to offer Earn Interest Payment.

## CLAIMS FOR RELIEF

Plaintiff's suffered damages and is entitled to full restitution from Nexo's misconduct on December 23,2023, and from thereafter and from the resulting harm. Plaintiff lost his collateral in the amount of $240,000.00, Elbert Coleman III, $320,000.00, Elbert Coleman IV. If Plaintiff's had received the benefit of his bargaining with Nexo, Plaintiff's would not have suffered these losses, instead plaintiff's would have had the full value of their digital assets.

Plaintiff's are entitled to full restitution of their assets that was liquidated collateral and afford plaintiff's the benefit of their bargaining under the Borrow Terms and Conditions and give plaintiff's full restitution of the value of their property that Nexo unlawfully claimed and monetized for Nexo gains.

Plaintiff's seeks emotional distress, loss of use of funds, loss of use of wages, medical damages, in the amount of **$5,000,000.00**. Punitive Damages as the Court deem appropriate to prevent future harm to their customers.

Plaintiff's made numerous attempts to settle this matter with Nexo by demand letter notices, numerous emails to Nexo complaint support team, and demand letter notice to Baker and McKenzie LLP, for which this complaint is Plaintiff's only options to settle said matter in a Court of law.

**WHEREFORE** Plaintiffs demand judgment against Defendants in the amount in excess of $5,000,000.00, for all causes of action above; plus punitive damages, statutory damages, actual damages against the Plaintiff's; and other relief as justice requires or as this Court or the trier of fact sees fit under principles of law and equity; plus interest and costs.

    Respectfully submitted,

    /s/Elbert Coleman

    <u>Elbert Coleman</u>
    *Pro se Plaintiff*
    *2nd Year Law Student*

**JURY DEMAND**

Plaintiff demands a jury trial on all triable issues.

    Respectfully submitted,

    /s/ Elbert Coleman

    <u>Elbert Coleman</u>
    *Pro se Plaintiff*
    *2nd Year Law Student*

## **CERTIFICATE OF SERVICE**

I hereby certify that our firm sent a copy of this complaint by first class mail to the opposing parties on this 6th day of February, 2025.

Respectfully submitted,

/s/ Elbert Coleman

Elbert Coleman
*Pro se Plaintiff*
*2nd Year Law Student*

**Distribution:**

Nexo Capital Inc.
Baker & McKenzie LLP, Ian Scott Shelton, Attorney
10250 Constellation Boulevard
Suite 1850
Los Angeles, CA 90067
310-299-8535

Baker & McKenzie LLP
Blue Cross Blue Shield Tower, 300 E
Randolph St. #5000
Chicago, IL 60601
312-861-8000