IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| **ELBERT COLEMAN III,** **ELBERT COLEMAN IV,** Plaintiff, V. **NEXO CAPITAL INC.**, Defendant, | Case No. 1:25-cv-00240-MPB-MG Magistrate Judge Mario Garcia |

FILED
01/17/2026
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Kristine L. Seufert, Clerk

**Plaintiffs' RESPONSE:**

**PLAINTIFFS' REPLY IN OPPOSITION TO DEFENDANT NEXO CAPITAL INC.'S**

**MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

Plaintiffs, Elbert Coleman III and Elbert Coleman IV (collectively, "Plaintiffs"), respectfully oppose Nexo Capital Inc.'s ("Nexo") motion for summary judgment.

Nexo asks this Court to dismiss Plaintiffs' claims despite overwhelming evidence that:

1. Nexo offered and sold unregistered securities to U.S. retail investors, including Elbert Coleman IV, violating the Securities Act of 1933 (15 U.S.C. § 77e) and related provisions of the Securities Exchange Act of 1934;

2. Contracts executed in violation of federal and Indiana securities laws are **void ab initio** (*Pinter v. Dahl*, 486 U.S. 622 (1988); Indiana Code § 23-2-1-2; *Kramer v. Trans-Lux Corp.*, 24 F.3d 1001 (7th Cir. 1994));

1

3. Nexo intentionally concealed critical account information and engaged in preferential treatment while liquidating Plaintiffs' assets;

4. Nexo's unlawful conduct caused Plaintiffs direct economic harm, entitling them to full restitution, treble damages under civil RICO (18 U.S.C. § 1964(c)), and consequential damages;

5. Nexo's defenses fail post-Ripple appellate dismissal, rendering prior justifications for freezing, suspending, and liquidating XRP legally baseless.

For these reasons, Nexo's motion is **factually and legally baseless**. Genuine disputes of material fact exist regarding contract enforceability, civil RICO violations, securities fraud, concealment, and damages, and summary judgment must be denied.

## ARGUMENT

### I. Nexo's Contracts Are Void Ab Initio Under Federal and Indiana Law

It is undisputed that Nexo offered cryptocurrency-based financial products to U.S. residents, including Plaintiffs. Elbert Coleman IV purchased **10,000 NEXO Tokens as a Platinum Member**, and both Plaintiffs held substantial XRP, ETH, USDC, and other tokens on the Nexo platform. Nexo sold these products **without registration**, in violation of Section 5 of the Securities Act of 1933 (15 U.S.C. § 77e).

- *SEC v. W.J. Howey Co.*, 328 U.S. 293 (1946): NEXO Tokens constitute investment contracts and thus are securities.
- *Pinter v. Dahl*, 486 U.S. 622 (1988): Contracts executed in violation of federal securities law are **void ab initio**—unenforceable from inception.

- Indiana Code § 23-2-1-2: Transactions in unregistered securities are illegal and void in Indiana.

- *Kramer v. Trans-Lux Corp.*, 24 F.3d 1001 (7th Cir. 1994): Unregistered securities transactions are unenforceable and subject to full restitution.

**Conclusion:** Nexo's reliance on Terms and Conditions or clickwrap agreements is legally irrelevant. Both Plaintiffs' agreements are **void from the start**.

## II. Nexo Engaged in Concealment, Preferential Treatment, and Patterned Misconduct

Nexo's summary judgment motion repeatedly claims it acted "in good faith." The evidence demonstrates otherwise:

1. **Selective Liquidation Relief:** Internal emails confirm Nexo offered the **Liquidation Relief Program** to select customers (e.g., Onelia Vera) while Plaintiffs suffered liquidations without access to the same relief. This preferential treatment evidences **intentional concealment** and **fraudulent conduct**.

2. **Unilateral XRP Account Changes:** On January 18, 2024, Nexo unilaterally changed Plaintiffs' XRP deposit addresses, bypassing transparency, hiding ongoing custodial activities, and violating its obligations under the platform agreement and SEC Consent Order. (*United States v. Sarno*, 73 F.3d 1470 (7th Cir. 1995)).

3. **Post-SEC Consent Order Token Sales:** Nexo continued facilitating NEXO Token transfers among U.S. retail investors, including Elbert Coleman IV, **after signing the SEC Consent Order**, violating the federal securities laws and demonstrating ongoing racketeering activity.

4. **Pattern of Misconduct:** Public records and settlement agreements (e.g., *Jeong v. Nexo*, *Cress v. Nexo*) show multiple victims of Nexo's scheme, confirming a **pattern of racketeering**, concealment, and fraudulent behavior.

### III. XRP Suspension and Ripple Appeal

On **August 7, 2025**, the SEC's appeal in *SEC v. Ripple Labs* was dismissed, affirming that XRP is **not a security**.

- Nexo's prior justifications for freezing, suspending, and liquidating Plaintiffs' XRP—citing pending Ripple litigation—are now **legally baseless**.
- Plaintiffs suffered wrongful liquidation and lost opportunity to recover or profit from XRP holdings, including direct economic harm from depressed liquidation prices.
- Nexo's continued actions constitute **conversion, breach of contract, and additional predicate acts for civil RICO**.

### IV. Civil RICO Violations (18 U.S.C. § 1962(c) and (d))

Plaintiffs establish each element of civil RICO:

| Element | Evidence |
| --- | --- |
| **Enterprise** | Nexo Capital Inc. and its leadership, including Trenchev, orchestrated a custodial and promotional network. |
| **Pattern of Racketeering** | XRP liquidations, token freezes, unregistered NEXO Token sales, account concealment, and selective liquidation relief. |

| Element | Evidence |
|---|---|
| **Predicate Acts** | Securities fraud, wire and mail fraud, conversion, and misrepresentation. |
| **Proximate Cause & Injury** | Direct economic losses, lost tokens, liquidation at depressed prices, lost use of funds, emotional and reputational harm. |

**Legal Authority:**

- *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479 (1985) – RICO applies to actual economic harm from fraud.
- *Bridge v. Phoenix Bond & Indemnity Co.*, 553 U.S. 639 (2008) – Harm from fraud is sufficient proximate cause.
- *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451 (2006) – Direct economic loss supports RICO.
- *Medical Marijuana, Inc. v. Horn*, 2025 – Misrepresentations and concealment trigger civil RICO damages.

## V. Quantifiable Damages

Plaintiffs provide detailed asset accounting, showing **direct, compensable losses**:

**Table 1: Asset Holdings & Liquidation Losses**

| Plaintiff | Asset | Quantity | Unit Price (USD) | Total Value (USD) |
|---|---|---|---|---|
| Elbert Coleman III | ETH | 28.10 | 3,704.20 | 104,042.22 |

| Plaintiff | Asset | Quantity | Unit Price (USD) | Total Value (USD) |
|---|---|---|---|---|
| | USDC | 52,643.82 | 1.00 | 52,643.82 |
| | XRP | 113,371.92 | 3.53 | 400,098.08 |
| | BCH | 6.1453 | 519.19 | 3,193.17 |
| | EOS | 1,010.30 | 0.5958 | 601.28 |
| | XLM | 110,012.14 | 0.4689 | 51,733.36 |
| **Subtotal** | | | | 612,311.93 |
| Elbert Coleman IV | ETH | 42.00 | 3,704.20 | 155,776.40 |
| | XRP | 68,800.98 | 3.53 | 242,792.46 |
| | PAXG | 14.40 | 3,430.54 | 49,357.78 |
| | XLM | 120,434.12 | 0.4689 | 56,484.28 |
| | BTC | 0.4164 | 119,549.00 | 49,793.42 |
| | TRX | 200,346.80 | 0.3139 | 62,892.13 |
| | BCH | 2.034 | 519.19 | 1,055.41 |
| | LTC | 5.188 | 117.67 | 610.77 |
| | LINK | 5.064 | 19.44 | 98.45 |

| Plaintiff | Asset | Quantity | Unit Price (USD) | Total Value (USD) |
|---|---|---|---|---|
|  | EOS | 500.68 | 0.5958 | 298.46 |
|  | USDC | 533.98 | 1.00 | 533.98 |
| **Subtotal** |  |  |  | 619,694.13 |
| **Combined Total** |  |  |  | 1,231,875.52 |

**Double Restitution (Void Ab Initio + RICO Treble Damages):**

| Plaintiff | Base Loss | Treble / Double Damages | Total |
|---|---|---|---|
| Elbert Coleman III | 612,311.93 | 1,224,623.86 | 1,836,935.79 |
| Elbert Coleman IV | 619,694.13 | 1,239,388.26 | 1,859,082.39 |
| **Total** | 1,231,875.52 | 2,464,012.12 | 4,000,000.00 (Settlement Demand) |

**Notes:**

- Includes actual XRP, ETH, NEXO Tokens (Elbert IV), USDC, BCH, XLM, and EOS liquidated or withheld.
- Treble damages calculated under 18 U.S.C. § 1964(c) for civil RICO predicate acts.
- Full restitution mandated under 15 U.S.C. § 77l(a)(1).

**VI. Impact on Plaintiffs**

**Elbert Coleman III:**

- Suffered forced liquidation of XRP, ETH, and other assets at depressed market prices.
- Lost access to account, suffered concealment and conversion, and could not participate in Nexo's selective Liquidation Relief Program.

**Elbert Coleman IV:**

- Purchased NEXO Tokens as a U.S. retail investor, which were unlawfully transferred to other accounts without consent.
- Experienced wrongful liquidation and loss of access to deposited digital assets.
- Direct financial losses plus emotional and reputational harm.

These actions directly caused **loss of use, loss of market appreciation, and emotional distress**, all compensable under federal and Indiana law.

## VII. Summary Judgment Must Be Denied

1. **Void Ab Initio:** Contracts are unenforceable from inception due to unregistered securities violations.
2. **Civil RICO & Concealment:** Nexo's ongoing concealment, token transfers, and liquidation patterns demonstrate intentional misconduct.
3. **Full Restitution Required:** 15 U.S.C. § 77l(a)(1) mandates rescission and return of assets.
4. **Material Facts Disputed:** Evidence of preferential treatment, internal communications, XRP suspension, and NEXO Token sales contradict Nexo's claims.
5. **Damages Quantified:** Plaintiffs' losses are concrete, fully documented, and legally supported for treble damages.

**Seventh Circuit precedent** confirms that **summary judgment is inappropriate where genuine disputes exist on intent, fraud, and damages** (*Kramer v. Trans-Lux*, 24 F.3d 1001). Indiana law further reinforces the **illegality of unregistered securities transactions** and the right to rescind.

## CONCLUSION

Plaintiffs have submitted uncontroverted evidence that Nexo:

- Violated federal and Indiana securities laws;
- Executed contracts that are **void ab initio**;
- Concealed account actions, selectively offered relief, and engaged in a pattern of racketeering activity;
- Directly caused Plaintiffs financial loss, loss of use, and emotional distress.

**Accordingly, Nexo's Motion for Summary Judgment must be denied in its entirety, and this matter should proceed to trial.**

**Executed on 01/17/25**

    Respectfully submitted,
    /s/Elbert Coleman III
    /s/Elbert Coleman IV
    **Elbert Coleman III**
    **Elbert Coleman IV**
    Pro Se Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on 01/17/25, *PLAINTIFFS' REPLY IN OPPOSITION TO DEFENDANT NEXO CAPITAL INC.'S MOTION FOR SUMMARY JUDGMENT*.**was served via email upon:**

Ian S. Shelton BAKER &amp; MCKENZIE LLP
800 Capitol Street, Suite 2100
Houston, TX 77002
Phone: (713) 427-5029
ian.shelton@bakermckenzie.com

         Respectfully submitted,
         /s/Elbert Coleman III
         /s/Elbert Coleman IV
         Elbert Coleman III
         Elbert Coleman IV
         Plaintiff's Pro Se